UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RICKY D. HANGARTNER,<br><br>        Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | Case No. 13-cv-663<br><br>JURY TRIAL DEMANDED |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Intel Corporation ("Intel") hereby responds to the Complaint for Patent Infringement filed by plaintiff Ricky D. Hangartner ("Hangartner") as follows:

### NATURE OF LAWSUIT

1.    Intel admits that Hangartner purports to bring an action for patent infringement arising under the patent laws of the United States of America.

### THE PARTIES

2.    Intel admits that U.S. Patent No.6,463,422 ("the '422 Patent") purports on its face to have been issued on October 8, 2002 to Ricky D. Hangartner. Intel is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 2 and, therefore, denies those allegations.

3.    Intel admits the allegations of Paragraph 3.

### JURISDICTION AND VENUE

4.    Intel admits that Hangartner purports to bring an action for patent infringement arising under the patent laws of the United States of America. Intel admits that this Court has

jurisdiction over actions for patent infringement brought under the patent laws of the United States of America.

5.  Intel admits that it has done and continues to do business in this district. Intel is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 5 and, therefore, denies those allegations.

## THE SUBJECT PATENT

6.  Intel is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 6 and, therefore, denies those allegations.

7.  Intel is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 7 and, therefore, denies those allegations.

8.  Intel is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 8 and, therefore, denies those allegations.

9.  Intel is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 9 and, therefore, denies those allegations.

## DEFENDANT'S ACTS OF PATENT INFRINGEMENT

10.  Intel re-alleges and incorporates by reference its answers to paragraphs 1 through 9 above as if fully set forth herein.

11.  Intel admits it is a leading manufacturer of semiconductor chips. Intel admits that it manufactured and marketed microprocessors codenamed "Ivy Bridge," launched in 2012, "Haswell," launched in 2013, and "Silvermont," launched in 2013.

12.  Intel admits that the Ivy Bridge, Haswell, and Silvermont microprocessors implement instruction sets, including the "RDRAND" instruction. Intel is without sufficient

knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 12 and, therefore, denies those allegations.

13. Intel denies the allegations of paragraph 13.

14. Intel denies the allegations of paragraph 14.

15. Intel denies the allegations of paragraph 15.

## AFFIRMATIVE DEFENSES

In further response to the Complaint for Patent Infringement and as affirmative defenses, Intel alleges as follows:

16. Intel re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

### First Affirmative Defense—Invalidity of United States Patent No. 6,463,422

17. The '422 patent is invalid for failing to satisfy one or more conditions of patentability under 35 U.S.C. §§ 102, 103 and 112.

### Additional Affirmative Defenses

18. Intel reserves the right to assert additional defenses that may be disclosed during discovery.

## COUNTERCLAIMS

For its counterclaims, Intel states as follows:

19. This is an action for declaratory judgment. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of United States Patent No. 6,463,422

20. Intel re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

21. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Intel and Hangartner regarding, *inter alia*, non-infringement of the '422 patent.

22. Intel's manufacture, use, importation, offers for sale, and sales of microprocessors including the RDRAND and/or RDSEED instructions (the "Accused Products") have not infringed, will not infringe, and do not infringe any valid or enforceable claim of the '422 patent.

23. Intel is entitled to a judicial declaration that the manufacture, use, importation, offers for sale, and sales of the Accused Products have not infringed, do not infringe, and will not infringe any valid and/or enforceable claim of the '422 patent.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Invalidity of United States Patent No. 6,463,422

24. Intel re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

25. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Intel and Hangartner regarding, *inter alia*, the invalidity of the '422 patent.

26. The '422 patent is invalid for failing to satisfy one or more conditions of patentability under 35 U.S.C. §§ 102, 103 and 112.

27.     Intel is entitled to a judicial declaration that the claims of the '422 patent are invalid.

## REQUEST FOR RELIEF

WHEREFORE, Intel Corporation requests that the Court enter judgment against Ricky D. Hangartner:

   a.    dismissing the Complaint for Patent Infringement with prejudice and denying each and every prayer for relief contained therein;

   b.    declaring that Intel's manufacture, use, sale, offer for sale and/or importation of the Accused Products have not infringed, will not infringe and do not infringe any valid claim of the '422 patent;

   c.    declaring that the '422 patent is invalid;

   d.    awarding Intel its costs;

   e.    awarding Intel its attorneys' fees under 35 U.S.C. § 285 or as otherwise permitted by law; and

   f.    awarding to Intel such further relief as this Court may deem necessary, just and proper.

## JURY DEMAND

Intel requests a trial by jury.

LEGAL28151790.1

-6-

Dated this 25th day of November, 2013.

                                                           Respectfully submitted,

                                                           */s/ Christopher G. Hanewicz*
                                                           Christopher G. Hanewicz
                                                           CHanewicz@perkinscoie.com
                                                           David R. Pekarek Krohn
                                                           DPekarekKrohn@perkinscoie.com

                                                           **Perkins Coie LLP**
                                                           One East Main Street
                                                           Suite 201
                                                           Madison, WI  53703-5118
                                                           Telephone:  608.663.7460
                                                           Facsimile:  608.663.7499

                                                           *Attorneys for Defendant*
                                                           *INTEL CORPORATION*